IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MARIANO MORALES-GARCIA,**
      Petitioner,

vs.                          Case No: 5:06cv98/SPM/MD

**JOSE BARRON, JR.,**
      Respondent.
_____

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk. Petitioner commenced this action on May 4, 2006 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1). His sole claim is that the Federal Bureau of Prisons (BOP) is wrongly interpreting 18 U.S.C. §3585(b) by failing to provide him Jail Time Credit on his federal sentence for the period he was in state custody on a drug charge (November 16, 2002 to August 21, 2003). As relief, petitioner seeks an order requiring the BOP to recalculate his sentence. Respondent filed an answer on August 22, 2006 (doc. 11), to which petitioner replied on September 5, 2006 (doc. 13).

      Upon review of the parties' submissions on May 29, 2007, the undersigned discovered that petitioner was released from BOP custody on December 19, 2006. *See* www.bop.gov. Accordingly, the court issued an order directing petitioner to show cause, within twenty days, why this case should not be dismissed as moot (doc. 14). A copy of the order was mailed to petitioner at his address of record, the Federal Correctional Institution in Marianna, Florida. That institution, in turn, attempted to forward the copy to petitioner at his stated residence upon release. The mail was eventually returned to this court as undeliverable, marked "Return to Sender - No Longer Here" (doc. 15).

**Petitioner has not filed a change of address form or otherwise notified the court of his new address. In fact, no communication has been received from him since September 7, 2006.** Moreover, because petitioner's habeas petition challenges only the BOP's calculation of his Jail Time Credit, and not the validity of his conviction or sentence, his claim for habeas relief appears moot. *See Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

**Accordingly, it is respectfully RECOMMENDED:**

**1.  That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to keep the court informed of his current address, and because it appears the case is moot.**

**2.  That the clerk be directed to close the file.**

At Pensacola, Florida, this 6th day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**